UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>CORROD LEON PHILLIPS,<br><br>                  Defendant. | CR18-40097-02<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL UNDER RULE 29 |

Defendant Corrod Phillips moves this Court to vacate his verdicts of guilt and render judgments of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The government submits this response in opposition.

FACTS

On September 10, 2019, a grand jury returned a Second Superseding Indictment charging Defendant Corrod Phillips with conspiracy to distribute heroin (Count 1), conspiracy to distribute cocaine base (Count 2), and two counts of distribution of a controlled substance resulting in serious bodily injury (Counts 5 and 6). A jury trial was held in the above-captioned matter November 11, 2019, through November 20, 2019. The jury returned guilty verdicts as to all charged counts.

At trial, Defendant's attorney made a motion for judgment of acquittal as to all counts. It was denied by the Court. The motion was renewed at the close of the Defendant's case-in-chief and denied again.

ARGUMENT

I. Rule 29.

Motions for a judgment of acquittal are governed by Rule 29 of the Federal Rues of Criminal Procedure. Rule 29(c)(2) provides that after the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. This Court on the Defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. *United States v. Cook*, 603 F.3d 434, 437 (8th Cir. 2010). When deciding the motion, this Court must view the evidence and all reasonable inferences from it in the light most favorable to the jury's verdict. *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018). If there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt, the verdict must be upheld. *Id.*

II. There was sufficient evidence presented to sustain the guilty verdicts on Counts 5 and 6

Defendant alleges that no reasonable jury could have found him guilty, especially on Counts 5 or 6 – the counts of distribution of heroin resulting in serious bodily injury to Ty Olson and Devlin Tommeraasen. First, Defendant attacks the credibility of witnesses who testified about receiving heroin from him. Trial in this matter lasted nearly two weeks, over 200 exhibits offered by the government were admitted into evidence, and 31 witnesses testified on behalf of the government. Multiple witnesses testified that they bought heroin from both

[2]

Defendant Phillips and his co-Defendant Maurice Cathey in similar locations throughout Sioux Falls in 2018. The overwhelming amount of testimony and exhibits presented at trial established that the two were working together to distribute crack cocaine and heroin.

Defendant also attempts to attack the "but-for" causation evidence, stating that because Olson and Tommeraasen could have taken other drugs aside from the heroin they received from Defendant, the convictions as to their overdoses must be vacated as they were in *United States v. Ford*, 750 F.3d 952 (8th Cir. 2014).

Defendant's reliance on *Ford* is misplaced. *Ford*, which was tried before the *Burrage* "but-for" standard was the law, was reversed because no one at trial testified that the heroin Ford distributed was an independently sufficient cause of the decedent's death. The medical examiner who testified on behalf of the government in *Ford* opined that the cause of death was a combination of multiple drugs, including methamphetamine, morphine, alprazolam, and alcohol. *Id.* at 955. A forensic toxicologist testifying for the government testified that heroin *could have* been the source of heroin and that the combination of drugs found in the decedent's blood contributed to his death. *Id.* The Eighth Circuit held that the government proved only that the decedent died as the result of ingesting multiple narcotics, where, under *Burrage*, the government needed to prove that "use of the drug distributed by the defendant is . . . an independently sufficient cause of the victim's death or serious bodily injury . . . ." *Id.* at 954, 955, quoting

*Burrage* at 218. The testimony presented at this trial was not similar to the testimony in *Ford*.

Minnehaha County Coroner Dr. Kenneth Snell testified unequivocally that Olson and Tommeraasen each had a substantial risk of death due to ingestion of opiates that led each of them to overdose. Shania Hofer testified that on April 23, 2018, she sold Olson heroin that she ordered from Defendant Cathey but obtained from Defendant Phillips. Later that day, Olson's roommate found him in the bathroom, unconscious and not breathing, and called 911. Olson's roommate found a bindle next to him that tested positive for heroin, fentanyl, 4-ANPP, and tramadol. When police officers arrived, they administered two doses of Naloxone (Narcan) to Olson. Shortly after receiving Narcan, Olson was able to walk and talk in the presence of first responders. Olson reported that he had taken heroin, and a urinary analysis taken at the hospital after the overdose tested positive for both opiates and benzodiazepines. At trial, Olson denied using benzodiazepine drugs at the time of his overdose. Dr. Snell testified that the benzodiazepine in Olson's urine may have been taken up to eight days before the overdose, and there was no evidence that the use of the benzodiazepine had contributed to the overdose. Defendant's brief incorrectly states that "all experts and EMT witnesses agreed that if there was a different antidote drug, similar to Naloxone, that treated overdoses that involved Benzodiazepines or Methamphetamines, the same reversal would have occurred because that antidote drug would have treated the Benzodiazepine or Methamphetamine

effects." Neither Dr. Snell nor either EMT that responded to any of the overdoses opined that the "same reversal would have occurred" as occurred with the Narcan in this case if a different drug that could reverse a methamphetamine or benzodiazepine overdose were offered to either Olson or Tommeraasen.

Tommerraasen testified that he injected heroin he obtained from Phillips on May 16, 2018, in a grocery store bathroom. George Clark testified that he saw Tommeraasen become unconscious immediately after shooting the heroin and called 911. First responders testified that Tommeraasen had shallow breathing and was unconscious when they arrived. He would not respond to painful stimuli. A dose of Narcan was administered to Tommeraasen, and he awoke. Tommeraasen testified that he had used methamphetamine the night prior to the overdose.

At no point was there testimony offered by a government witness that heroin was merely a proximate cause or contributory factor to Olson's or Tommeraasen's overdoses. Rather, as Dr. Snell testified, due to the almost immediate effect and dramatic reversal of the Narcan on the symptoms such as unconsciousness, lack of breathing or pulse, or shallow breathing, that caused both men a substantial risk of death, there was no other cause for these particular overdose symptoms aside from opiate drugs. Defendant's own expert testified that he does not understand pharmacology as well as Dr. Snell, and even he could not testify that the benzodiazepine in Olson's urine or hypothetical methamphetamine in Tommeraasen's blood were contributory factors to either

[5]

overdose. Defendant's argument asks this Court to, in essence, rule that this not possible to bring a case of this nature where any other drug other than a metabolite of an opiate would be present in a victim's blood or urine, regardless of when it was ingested and whether it had any effect whatsoever on the overdose.

## CONCLUSION

The government submits that the testimony of multiple witnesses, hundreds of exhibits, and expert testimony of Dr. Snell would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. For this reason, the verdict must be upheld and the Defendant's motion for a judgment of acquittal should be denied.

Dated and electronically filed this 7th day of January, 2020.

RONALD A. PARSONS, JR.
United States Attorney

/s/ *JENNIFER D. MAMMENGA*
_____
JENNIFER D. MAMMENGA
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2361
Facsimile: (605)330-4410
E-Mail: jennifer.mammenga@usdoj.gov